UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

CARMEN AGUILERA-MOGLIA,

                                                          Plaintiff,

                 -against-

LIPSIG, SHAPEY, MANUS & MOVERMAN, P.C.,
MARK MANUS, MARC MAUSER, JARED LEVINE,
and MERRILL GOLDSTEIN,

                                                          Defendants.

------------------------------------------------------------------------X

**COMPLAINT**

07 Civ. 4695 (DC)

**JURY TRIAL DEMANDED**

Plaintiff CARMEN AGUILERA-MOGLIA, by her attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action to remedy discrimination on the basis of sex in the terms, conditions and privileges of employment, including sexual harassment and unlawful termination, and retaliation for opposition to unlawful employment actions, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a ("Title VII"); the New York State Human Rights Law, New York Executive Law § 296 *et seq.* (the "Human Rights Law"); and the Administrative Code of the City of New York § 8-107 *et seq.* (the "Administrative Code").

2. Plaintiff seeks compensatory and punitive damages and other appropriate legal and equitable relief.

## JURISDICTION

3. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about March 20, 2006, complaining of the acts of discrimination and retaliation alleged herein.

4. On or about March 16, 2007, the EEOC issued a notice informing plaintiff of her right to sue defendants in federal court. This action has been commenced within 90 days of receipt of this notice. Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under Title VII.

5. Jurisdiction of this Court is proper under Title VII, 42 U.S.C. § 2000e-5(f)(3), and 28 U.S.C. §§ 1331 and 1343(a)(3) and (4). The Court has supplemental jurisdiction over the claims brought under the Human Rights Law and the Administrative Code pursuant to 28 U.S.C. § 1367.

## VENUE

6. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b) and Title VII, 42 U.S.C. § 2000e-5(f)(3), in that this is the District in which the unlawful practices occurred.

## JURY DEMAND

7. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

8. Plaintiff CARMEN AGUILERA-MOGLIA is female, a citizen of the United States, and at all relevant times a resident of the City and State of New York. She was employed by defendants from July 2000 until November 2005, at which time her employment was abruptly terminated.

9. Defendant LIPSIG, SHAPEY, MANUS & MOVERMAN, P.C. ("LIPSIG SHAPEY") is a law firm, and an employer within the meaning of Title VII, the Human Rights Law, and the Administrative Code.

10. That at all times hereinafter mentioned, the individually named defendant MARK MANUS was a name partner in defendant LIPSIG SHAPEY.

11. That at all times hereinafter mentioned, the individually named defendant MARC MAUSER was a partner in defendant LIPSIG SHAPEY.

12. That at all times hereinafter mentioned, the individually named defendant JARED LEVINE was an associate attorney employed by defendant LIPSIG SHAPEY.

13. That at all times hereinafter mentioned, the individually named defendant MERRILL GOLDSTEIN was a senior employee of defendant LIPSIG SHAPEY.

14. Each and all of the acts of the individually named defendants alleged herein were done by said defendants while acting under the supervision of defendant LIPSIG SHAPEY and according to their official duties.

15. Each and all of the acts of the individually named defendants alleged herein were done by said defendants while acting within the scope of their partnership in and/or employment by defendant LIPSIG SHAPEY.

16. Each and all of the acts of the individually named defendants alleged herein were done by said defendants while acting in furtherance of their partnership in and/or employment by defendant LIPSIG SHAPEY.

**FACTUAL ALLEGATIONS**

17. Plaintiff CARMEN AGUILERA-MOGLIA began working as a legal assistant at defendant law firm LIPSIG SHAPEY in July 2000.

18. Over the period December 2000 to November 2005, plaintiff was physically and verbally sexually harassed by partners in and/or employees of defendant LIPSIG SHAPEY including, but not limited to, defendants MARC MAUSER and JARED LEVINE.

19. The sexual harassment included, but was not limited to, unwelcome touching, comments about plaintiff's appearance, ogling, and demands for social contact outside the office.

20. The sexual harassment occurred daily or almost daily and constituted a continuous course of conduct over the relevant period.

21. Defendants MARK MANUS, MARC MAUSER, JARED LEVINE, and MERRILL GOLDSTEIN circulated pornographic images over the office e-mail system and would view the images on computers that were within eyeshot of other employees, including plaintiff.

22. Between 2001 and 2005, defendant MARC MAUSER conducted an adulterous sexual relationship with defendant MERRILL GOLDSTEIN.

23. This sexual activity often occurred in the office during work hours, and was well known to all employees, including plaintiff.

24. Because of her sexual relationship with defendant MARC MAUSER, defendant MERRILL GOLDSTEIN was not required to perform her work duties.

25. Accordingly, employees who were not having sex with defendant MARC MAUSER, including plaintiff, were forced to perform additional work.

26. Upon information and belief, defendant MERRILL GOLDSTEIN was jealous about defendant MARC MAUSER's manifest sexual interest in plaintiff.

27. As a result of her sexual jealousy, defendant MERRILL GOLDSTEIN assigned plaintiff extra work, unfairly criticized the quality of plaintiff's work, cursed and yelled at plaintiff, and threatened to have plaintiff fired.

28. Defendant MERRILL GOLDSTEIN's actions, which were sexually motivated, created a hostile work environment and, upon information and belief, contributed to plaintiff's eventual termination.

29. Plaintiff complained repeatedly about the sexual harassment, the hostile environment, and the pervasively sexually-charged atmosphere to the management of defendant LIPSIG SHAPEY including, but not limited to, defendant MARK MANUS.

30. Defendants LIPSIG SHAPEY and MARK MANUS failed to act on plaintiff's complaints.

31. In November 2005, despite consistently satisfactory work performance, plaintiff was terminated.

32. Plaintiff was told that she was being terminated because she had married someone who was "well off" and that she did not need a job.

33. The reason given for plaintiff's termination was pretextual, in that the true reasons were plaintiff's refusal to provide sexual favors to *inter alia*, defendants MARC MAUSER and JARED LEVINE, and retaliation for plaintiff having complained about sexual harassment, hostile environment, and the pervasively sexually-charged atmosphere of the office.

34. As a result of defendants' unlawful retaliatory actions, plaintiff CARMEN AGUILERA-MOGLIA has suffered and continues to suffer economic losses, mental anguish, emotional distress and other compensable injuries.

### FIRST CAUSE OF ACTION
### TITLE VII

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "34" with the same force and effect as if fully set forth herein.

36. By all of the aforementoned acts and practices, defendant LIPSIG SHAPEY has

discriminated against plaintiff CARMEN AGUILERA-MOGLIA on the basis of her sex and has retaliated against plaintiff for her opposition to unlawful employment practices, in violation of Title VII.

37. Defendant LIPSIG SHAPEY knew that its actions constituted unlawful discrimination and retaliation and/or acted with malice and/or showed reckless disregard for plaintiff's statutorily-protected rights.

38. As a result of defendant LIPSIG SHAPEY's unlawful discriminatory and retaliatory actions, plaintiff CARMEN AGUILERA-MOGLIA has suffered and continues to suffer economic losses, mental anguish, emotional distress and other compensable injuries.

### SECOND CAUSE OF ACTION
### HUMAN RIGHTS LAW

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. By all of the aforementioned acts and practices, defendants have discriminated against plaintiff CARMEN AGUILERA-MOGLIA in the terms and conditions of her employment on the basis of her sex, and have retaliated against plaintiff for her opposition to unlawful employment practices, all in violation of the Human Rights Law.

41. As a result of defendants' unlawful actions, plaintiff has suffered and continues to suffer economic losses, mental anguish, emotional distress and other compensable injuries.

### THIRD CAUSE OF ACTION
### ADMINISTRATIVE CODE

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. By all of the aforementioned acts and practices, defendants have discriminated

against plaintiff CARMEN AGUILERA-MOGLIA in the terms and conditions of her employment on the basis of her sex, and have retaliated against plaintiff for her opposition to unlawful employment practices, all in violation of the Administrative Code.

44. In taking the above-referenced actions, defendants acted knowingly and/or with malice and/or reckless indifference to plaintiff's statutorily-protected rights.

45. As a result of defendants' unlawful retaliatory actions, plaintiff CARMEN AGUILERA-MOGLIA has suffered and continues to suffer economic losses, mental anguish, emotional distress and other compensable injuries.

**WHEREFORE**, plaintiff CARMEN AGUILERA-MOGLIA respectfully requests that this Court enter a judgment:

a. declaring the acts and practices complained of herein to be violations of Title VII, the Human Rights Law and the Administrative Code;

b. enjoining and permanently restraining these violations of Title VII, the Human Rights Law and the Administrative Code;

c. directing defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect plaintiff's employment opportunities;

d. directing defendants to place plaintiff in the position she would be in but for defendants' retaliatory actions, and to make her whole for all earnings she would have received but for defendants' retaliatory actions, including, but not limited to, wages, bonuses, pension, and other lost benefits, and interest thereon;

e. directing defendants to pay plaintiff compensatory damages and damages for her mental anguish, emotional distress, pain and suffering, and humiliation;

   f.  directing defendants to pay plaintiff punitive damages, pursuant to Title VII, 42 U.S.C. §1981a, for their intentional disregard of, and/or reckless indifference to, plaintiff's rights;

   g.  awarding plaintiff the costs of this action together with reasonable attorneys' fees and interest; and

   h.  awarding such other and further relief as the Court deems necessary and proper.

Dated:  New York, New York
     June 4, 2007

                     _/s_
                     ROSE M. WEBER (RW 0515)
                     225 Broadway, Suite 1608
                     New York, NY 10007
                     (212) 748-3355