Michael A. Kalish
Judith F. Stempler
Epstein Becker & Green, P.C.
250 Park Avenue
New York, New York  10177-1211
(212) 351-4500
Attorneys for Defendants Lipsig, Shapey,
Manus & Moverman, P.C., Mark Manus
and Jared Levine

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CARMEN AGUILERA-MOGLIA,                         :

                  Plaintiff,            :        **ECF Case**

                               :

          - against -             :        07 Civ. 4695 (DC)

                               :

LIPSIG, SHAPEY, MANUS & MOVERMAN,               :
P.C., MARK MANUS, MARC MAUSER,
JARED LEVINE, and MERRILL GOLDSTEIN,            :        **ANSWER**

                Defendants.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

       Defendants Lipsig, Shapey, Manus & Moverman, P.C., Mark Manus and Jared

Levine (collectively "the Lipsig Defendants"), by their attorneys, Epstein Becker & Green, P.C.,

for their answer to the Complaint state as follows:

       1.      Admit that plaintiff purports to bring this action under Title VII of the

Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII"), the New York State Human

Rights Law, Executive Law § 296 et seq. ("New York State Human Rights Law") and the

Administrative Code of the City of New York, § 8-107 et seq. ("New York City Human Rights

Law"), but otherwise deny the allegations set forth in paragraph 1 of the Complaint and deny that

they engaged in any discrimination or wrongdoing in violation of Title VII, the New York State

Human Rights Law, the New York City Human Rights Law, or any other statute.

2.     Admit that plaintiff seeks the relief requested in paragraph 2 of the Complaint, but deny that plaintiff is entitled to this relief.

3.     Deny the allegations in paragraph 3 of the Complaint, except admit that plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission on or about March 21, 2006.

4.     Deny the allegations in paragraph 4 of the Complaint, except admit that on or about March 16, 2007, the EEOC issued a Notice of Right to Sue and that this lawsuit was filed within 90 days of the Notice of Right to Sue.

5.     Admit that plaintiff purports to invoke the jurisdiction of this Court pursuant to 42 U.S.C. § 2000e-5(f)(3), 28 U.S.C. §§ 1331, 1343(a)(3) and (4) and 28 U.S.C. § 1367, but otherwise deny the allegations in paragraph 5 of the Complaint.

6.     Admit that venue is proper, but otherwise deny the allegations in paragraph 6 of the Complaint.

7.     Admit that plaintiff seeks a jury trial, but deny that plaintiff is entitled to a jury trial of all issues in this matter.

8.     Deny the allegations in paragraph 8 of the Complaint, except deny having knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff was at all relevant times a resident of the City and State of New York, and admit that she is a female citizen of the United States and that she was employed by Lipsig, Shapey, Manus & Moverman, P.C. from July 2000 until December 2005.

9.     Admit the allegations in paragraph 9 of the Complaint.

10.    Admit the allegations in paragraph 10 of the Complaint.

11.    Deny the allegations in paragraph 11 of the Complaint.

12.    Admit the allegations in paragraph 12 of the Complaint.

13.    Deny the allegations in paragraph 13 of the Complaint.

14.    Deny the allegations in paragraph 14 of the Complaint.

15.    Deny the allegations in paragraph 15 of the Complaint.

16.    Deny the allegations in paragraph 16 of the Complaint.

17.    Admit the allegations in paragraph 17 of the Complaint.

18.    Deny the allegations in paragraph 18 of the Complaint.

19.    Deny the allegations in paragraph 19 of the Complaint.

20.    Deny the allegations in paragraph 20 of the Complaint.

21.    Deny the allegations in paragraph 21 of the Complaint.

22.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23.    Deny the allegations in paragraph 23 of the Complaint.

24.    Deny the allegations in paragraph 24 of the Complaint.

25.    Deny the allegations in paragraph 25 of the Complaint.

26.    Deny the allegations in paragraph 26 of the Complaint.

27.    Deny the allegations in paragraph 27 of the Complaint.

28.    Deny the allegations in paragraph 28 of the Complaint.

29.    Deny the allegations in paragraph 29 of the Complaint.

30.    Deny the allegations in paragraph 30 of the Complaint.

31.    Deny the allegations in paragraph 31 of the Complaint, except admit that plaintiff was terminated in December 2005.

32.    Deny the allegations in paragraph 32 of the Complaint.

33.    Deny the allegations in paragraph 33 of the Complaint.

34.    Deny the allegations in paragraph 34 of the Complaint.

## FIRST CAUSE OF ACTION

35.    Repeat and reallege their responses to paragraphs 1 through 34 of the Complaint as if fully set forth herein.

36.    Deny the allegations set forth in paragraph 36 of the Complaint.

37.    Deny the allegations set forth in paragraph 37 of the Complaint.

38.    Deny the allegations set forth in paragraph 38 of the Complaint.

## SECOND CAUSE OF ACTION

39.    Repeat and reallege their responses to paragraphs 1 through 38 of the Complaint as if set forth fully herein.

40.    Deny the allegations set forth in paragraph 40 of the Complaint.

41.    Deny the allegations set forth in paragraph 41 of the Complaint.

## THIRD CAUSE OF ACTION

42.    Repeat and reallege their responses to paragraphs 1 through 41 of the Complaint as if set forth fully herein.

43.    Deny the allegations set forth in paragraph 43 of the Complaint.

44.    Deny the allegations set forth in paragraph 44 of the Complaint.

45.    Deny the allegations set forth in paragraph 45 of the Complaint.

## PRAYER FOR RELIEF

46.    Deny that plaintiff is entitled to the relief requested in the prayer for relief.

## FIRST DEFENSE

47.    The Complaint is barred in whole or in part as some or all of the allegations fail to state a claim on which relief can be granted.

## SECOND DEFENSE

48.    The Complaint is barred in part by the applicable periods or statutes of limitations.

## THIRD DEFENSE

49.    The Complaint is barred to the extent plaintiff has failed and neglected to mitigate her alleged damages.

## FOURTH DEFENSE

50.    If the Lipsig Defendants engaged in any of the unlawful acts alleged in the Complaint, which the Lipsig Defendants vigorously deny, then they did not engage in such acts intentionally, with malice and/or with reckless indifference to plaintiff's protected rights.

## FIFTH DEFENSE

51.    All actions taken by the Lipsig Defendants with respect to plaintiff were nondiscriminatory, based on sound business judgment, and were undertaken in good faith and in compliance with all applicable laws.

## SIXTH DEFENSE

52.    Plaintiff's claims are barred because (1) the Lipsig Defendants exercised reasonable care to prevent and correct promptly any harassing behavior by promulgating and enforcing policies against harassment; and (2) plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by the Lipsig Defendants in these policies, and unreasonably failed to otherwise avoid the harms she alleges by timely complaint thereof.

## SEVENTH DEFENSE

53.    Plaintiff's claims are barred because (1) the Lipsig Defendants established and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory practices by employees, agents and persons employed as independent contractors; and (2) the Lipsig Defendants have a record of no prior incidents of discriminatory conduct by such employees, agents or independent contractors.

WHEREFORE, the Lipsig Defendants demand judgment dismissing the Complaint with prejudice, awarding them the costs, disbursements and reasonable attorneys' fees of this action, and granting them such other and further relief as the Court deems just and proper.

Dated: New York, New York
        October 2, 2007

                                    EPSTEIN BECKER & GREEN, P.C.

                                    By: _____
                                        Michael A. Kalish
                                        Judith F. Stempler
                                    250 Park Avenue
                                    New York, New York  10177-1211
                                    (212) 351-4500
                                    Attorneys for Defendants Lipsig, Shapey,
                                    Manus & Moverman, P.C., Mark Manus,
                                    and Jared Levine