Louis Pechman (LP-6395)
Berke-Weiss & Pechman LLP
488 Madison Avenue
New York, New York 10022
(212) 583-9500
*Attorneys for Defendant Marc R. Mauser*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CARMAN AGUILERA-MOGLIA                    :
                                          :   07 Civ. 4695 (DC)
       Plaintiff,                         :
                                          :   **ECF CASE**
  -against-                              :
                                          :   **ANSWER**
LIPSIG, SHAPEY, MANUS & MOVERMAN, P.C.:   :
MARK MANUS, MARC MAUSER, JARED            :
LEVINE, and MERRILL GOLDSTEIN,            :
                                          :
       Defendants.                        :
-----------------------------------------------------------X

    Defendant Marc R. Mauser ("Mauser"), by his attorneys, Berke-Weiss & Pechman LLP, for his Answer to the Complaint states as follows:

    1.    Denies the allegations contained in paragraph 1 of the Complaint.

    2.    Admits that plaintiff is seeking the relief requested in paragraph 2 of the Complaint but denies that plaintiff is entitled to any such relief.

    3.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the Complaint.

    4.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint.

    5.    Denies the allegations contained in paragraph 5 of the Complaint, except admits that plaintiff purports to invoke the jurisdiction of this Court.

    6.    Denies the allegations in paragraph 6 of the Complaint, except admits that venue is proper.

7. Admits that plaintiff seeks a jury trial, but denies that plaintiff is entitled to a jury trial of all issues in the matter.

8. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint, except admits that plaintiff is female and was an employee of Lipsig, Shapey, Manus & Moverman, P.C.

9. Admits the allegations in paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Complaint.

11. Denies the allegations in paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Complaint.

13. Denies the allegations in paragraph 13 of the Complaint.

14. Denies the allegations in paragraph 14 of the Complaint.

15. Denies the allegations in paragraph 15 of the Complaint.

16. Denies the allegations in paragraph 16 of the Complaint.

17. Admits the allegations in paragraph 17 of the Complaint.

18. Denies the allegations in paragraph 18 of the Complaint.

19. Denies the allegations in paragraph 19 of the Complaint.

20. Denies the allegations in paragraph 20 of the Complaint.

21. Denies the allegations in paragraph 21 of the Complaint.

22. Denies the allegations contained in paragraph 22 of the Complaint.

23. Denies the allegations in paragraph 23 of the Complaint.

24. Denies the allegations in paragraph 24 of the Complaint.

25. Denies the allegations in paragraph 25 of the Complaint.

26. Denies the allegations in paragraph 26 of the Complaint.

27. Denies the allegations in paragraph 27 of the Complaint.

28. Denies the allegations in paragraph 28 of the Complaint.

29. Denies the allegations in paragraph 29 of the Complaint.

30. Denies the allegations in paragraph 30 of the Complaint.

31. Denies the allegations contained in paragraph 31 of the Complaint except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that plaintiff was terminated in November 2005, and states that, in any event, Mauser left Lipsig, Shapey, Manus & Moverman, P.C. on or about February 17, 2005 - - nine months prior to plaintiff's alleged termination.

32. Denies the allegations in paragraph 32 of the Complaint.

33. Denies the allegations in paragraph 33 of the Complaint.

34. Denies the allegations in paragraph 30 of the Complaint.

### FIRST CAUSE OF ACTION

35. Repeats and realleges his response to paragraph 1 through 34 of the Complaint as set forth herein.

36. Denies the allegations set forth in paragraph 36 of the Complaint.

37. Denies the allegations set forth in paragraph 37 of the Complaint.

38. Denies the allegations set forth in paragraph 38 of the Complaint.

### SECOND CAUSE OF ACTION

39. Repeats and realleges his response to paragraph 1 through 38 of the Complaint as set forth herein.

40. Denies the allegations set forth in paragraph 40 of the Complaint.

41. Denies the allegations set forth in paragraph 41 of the Complaint.

## THIRD CAUSE OF ACTION

42. Repeats and realleges his response to paragraph 1 through 41 of the Complaint as set forth herein.

43. Denies the allegations set forth in paragraph 43 of the Complaint.

44. Denies the allegations set forth in paragraph 44 of the Complaint.

45. Denies the allegations set forth in paragraph 45 of the Complaint.

## PRAYER FOR RELIEF

46. Denies that plaintiff is entitled to the relief requested in the prayer for relief.

## FIRST DEFENSE

47. The Complaint is barred in whole or in part as it fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

48. The Complaint is barred in whole or in part by the applicable periods or statutes of limitations.

## THIRD DEFENSE

49. Plaintiff has failed to mitigate her alleged damages.

## FOURTH DEFENSE

50. Mauser did not engage in any discriminatory acts intentionally, with malice and/or with reckless indifference to plaintiff's protected rights.

## FIFTH DEFENSE

51. All actions taken by the Mauser with respect to plaintiff were nondiscriminatory, based on sound business judgment, and were undertaken in good faith and in compliance will all applicable laws.

## SIXTH DEFENSE

52. Plaintiff's claims are barred because (1) the defendants exercised reasonable care to prevent and correct promptly any harassing behavior by promulgating and enforcing policies against harassment; and (2) plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by the defendants in these polices, and unreasonably failed to otherwise avoid the harms she alleges by timely complaint thereof.

## SEVENTH DEFENSE

53. Plaintiff's claims are barred because the defendants established and complied with policies, programs, and procedures for the prevention and detection of unlawful discriminatory practices by employees, agents, and persons employed as independent contractors.

## EIGHTH DEFENSE

54. Plaintiff's claims are barred by the doctrine of unclean hands and/or estoppel.

WHEREFORE, Mauser demands judgment dismissing the Complaint with prejudice, awarding him the costs, disbursements and reasonable attorneys' fees of this action, and granting him such other and further relief as the Court deems just and proper.

Dated: New York, New York
       November 21, 2007

BERKE-WEISS & PECHMAN LLP

By: _____
Louis Pechman [LP-6395]
488 Madison Avenue, 11th Floor
New York, New York 10022
(212) 583-9500
*Attorneys for Defendant Marc. R. Mauser*